IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEROME CLARKE,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV609-051

DEBBIE CREWS, Clerk, Tattnall
Superior Court, and ANDREW
M. MAGRUDER, Assistant
Attorney General,

    Defendants.

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, was granted leave of the Court, by Order dated July 20, 2009, to proceed in forma pauperis in this 42 U.S.C. § 1983 cause of action, as amended.

A prisoner proceeding in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes under § 1915(g): (1) Clark v. Clarke County, CV394-101 (M.D. Ga. Oct. 11, 1994) (dismissed as being frivolous, malicious, or failing to state a claim upon which relief may be granted); (2) Clarke v. Sikes, CV699-10 (S.D. Ga. Mar. 3, 1999) (dismissed for failing to state a claim); and (3) Clarke v. Sikes, CV699-64 (S.D. Ga. May 20, 1999) (dismissed for failing to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id. at 1193.

2

Plaintiff alleges that Defendants Crews and Magruder should be prohibited from participating in judicial proceedings. Plaintiff asserts he has filed causes of action in the Tattnall and Richmond County Superior Courts, and these complaints have not been served. Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint, which is dated July 10, 2009. Accordingly, the Court **VACATES** its July 20, 2009, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)